IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | |
|---|---|
| JORGE FRANCISCO ROMERO MONTES, § § *Petitioner*, § § v. § § WARDEN, IAH SECURE ADULT § DETENTION FACILITY, § § *Respondent*. § | CIVIL ACTION NO. 9:25-CV-00361 JUDGE MICHAEL J. TRUNCALE |

## ORDER DENYING *PRO SE* PETITION FOR WRIT OF HABEAS CORPUS

Before the Court is Petitioner Jorge Francisco Romero Montes's *Pro Se* Petition for Writ of Habeas Corpus (the "Petition") [Dkt. 1]. For the following reasons, the Petition is **DENIED**.

## I. BACKGROUND

Petitioner Jorge Francisco Romero Montes ("Montes") is a foreign national. [Dkt. 1]. On September 24, 2025, United States Immigration and Customs Enforcement ("ICE") detained Montes. *Id.*

On December 30, 2025, Montes brought a *pro se* habeas corpus petition, claiming that his detention violates both the Immigration and Naturalization Act ("INA")[1] and the Fifth Amendment to the United States Constitution. *Id.*

## II. LEGAL STANDARD

Habeas petitions under 28 U.S.C. § 2241 serve the "sole function" of challenging the legal basis for the petitioner's detention. *Pierre v. U.S.*, 525 F.2d 933, 935–36 (5th Cir. 1976). Section 2241 entitles five classes of prisoners to habeas relief, including prisoners held "in violation of the

---

[1] 8 U.S.C. § 1101 et seq.

Constitution or laws, or treaties of the United States." 28 U.S.C. § 2241(c)(3). In a habeas proceeding, the petitioner bears the burden of proof and must demonstrate by a preponderance of the evidence that he is being held unlawfully. *Villanueva v. Tate*, No. H-25-3364, 2025 WL 2774610 at *4 (S.D. Tex. Sep. 26, 2025).

### III. DISCUSSION

Montes appears to challenge the legality of his detention on three separate grounds. First, he claims that the INA does not allow the Government to detain him during removal proceedings. [Dkt. 1]. Second, Montes claims that the Government violated procedural due process by failing to afford him a custody redetermination, thereby rendering his detention itself unlawful. *Id.* Third, Montes argues that his detention violates due process because he is eligible for custody redetermination. *Id.*

#### A. Detention Pending Removal Proceedings

Montes first challenges the Government's authority to detain him while removal proceedings are pending. [Dkt. 1]. His challenge is misplaced, since at least two sections of the INA—section 1225(b)(2)(A) and section 1226(a)—authorize detention of aliens during removal proceedings. 8 U.S.C. §§ 1225(b)(2)(A), 1226(a). In fact, under section 1225(b)(2)(A), an alien *must* be detained during removal proceedings if he is "not clearly and beyond a doubt entitled to be admitted." 8 U.S.C. § 1225(b)(2)(A). Even when an alien undergoing removal proceedings is not subject to mandatory detention under section 1225(b)(2)(A), as Montes argues, section 1226(a) gives the Government the option of detaining the alien pending removal. *See* 8 U.S.C. § 1226(a). Because Montes is an alien undergoing removal proceedings, he is at least subject to discretionary detention under section 1226(a). *See* [Dkt. 1].

#### B. Custody Redetermination

Montes next argues that his detention violates procedural due process and the INA because

ICE failed to provide a custody redetermination before an immigration judge[2], which he applied for and did not receive. . In any event, a petition for habeas corpus is generally not the proper vehicle for challenging conditions of confinement or confinement-related procedures. *Carson v. Johnson*, 112 F.3d 818, 820–21 (5th Cir. 1997) (Smith, J.). Habeas petitions are a proper device for challenging confinement-related procedures only when those procedures would have resulted in the petitioner's automatic release if performed correctly. *See id.* Otherwise, detainees must challenge confinement-related procedures under 42 U.S.C. § 1983. *Id.*

Here, even if the INA or due process required that Montes receive a custody redetermination, a custody redetermination would not necessarily result in Montes's release from detention. *See* 8 C.F.R. § 236.1(d)(1). The INA's accompanying regulations provide that, in a custody redetermination, immigration judges may "detain the alien in custody," or "determine the amount of bond, *if any*, under which the [alien] is to be released." *Id.* (emphasis added). Hence, a custody redetermination could just as well have resulted in Montes's continued detention, rather than his release from custody. *Id.* Accordingly, the Government's failure to provide a custody redetermination does not entitle Montes to habeas relief.[3] *See Carson*, 112 F.3d at 820–21.

---

[2] Courts often refer to custody redeterminations as "bond hearings." *See, e.g.*, *Cabanas v. Bondi*, No. 4:25-cv-04830, 2025 WL 3171331 at *4 (S.D. Tex. Nov. 13, 2025) (Eskridge, J.).

[3] Montes's Fifth Amendment claims, which are predicated on his other arguments, therefore also fail.

## IV. CONCLUSION

Because Montes has failed to demonstrate by a preponderance of the evidence that his detention violates any federal law, he cannot obtain habeas relief under 28 U.S.C. § 2241(c)(3).

It is therefore **ORDERED** that Montes's *Pro Se* Petition for Writ of Habeas Corpus [Dkt. 1] is hereby **DENIED**. This constitutes a **FINAL JUDGMENT** and the Clerk is **INSTRUCTED** to close this matter.

**SIGNED this 5th day of January, 2026.**

Michael J. Truncale
United States District Judge